IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL TAPP-EL,                )
                                )
            Petitioner,          )
                                )
      v.                         )     1:18CV911
                                )
HARVEY CLAY, et al.,            )
                                )
            Respondent.          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner does not currently state any claim for relief. Petitioner's claims for relief center around a contention that North Carolina courts do not have jurisdiction over him because of his status as a "Moorish American National." Members of the Moorish American Nation and similar or related groups such as the Moorish Science Temple of America and the Washitaw Nation have been parties to a number of cases in the state and federal courts. Courts consistently reject a variety of legal claims based on membership in those groups. See El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases). These groups are fictional nations not recognized by the government of the United States. Id. Further, the Court is unaware of any person being able to successfully base

a legal claim on membership in these groups. At least one other court previously rejected an attempt to use membership in the "The Nation of Moorish-Americans" to mount a jurisdictional attack in a criminal matter. See Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008). This Court routinely does so as well. Any continued attempt to raise such a claim by Petitioner will very likely face *sua sponte* dismissal with prejudice.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 1st day of November, 2018.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**